UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN K. LAROCHE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. _____ |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| THE ALTERNATE SIDE OF THE STREET SUSPENDED PARKING CALENDAR CORP. and GLEN BOLOFSKY, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Brian K. LaRoche ("Plaintiff") by and through his undersigned counsel, brings this action against defendants The Alternative Side of the Street Suspended Parking Calendar Corp. ("Defendant Calendar Corp.") and Glen Bolofsky ("Defendant Bolofsky") (collectively "Defendants") for failing to pay him overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, and the New Jersey State Wage and Hour Law ("NJWHL"), N.J. Stat. 34:11-56a1, *et seq.*, as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. 1331 and 29 U.S.C. 216(b).

2. The Court has supplemental jurisdiction over Plaintiff's NJWHL claims under 28 U.S.C. 1367.

1

3.  Venue is proper in this judicial district, in which Plaintiff resides, Defendants' offices are located, and Defendants' act and/or omissions giving rise to this action occurred.

## PARTIES

4.  Plaintiff was an employee of Defendants within the meaning of the FLSA and NJWHL as a Parking Violations Bureau ("PVB") broker in the City of New York, during the time period from on or about May 22, 2015 to on or about June 25, 2017.

5.  Defendant Calendar Corp. is a corporation organized under the laws of the State of New Jersey, with offices located at 16 Arcadian Avenue, Paramus, New Jersey 07652.

6.  Defendant Bolofsky is the Chief Executive Officer of Defendant Calendar Corp. and controlled the day-to-day terms of conditions of Plaintiff's employment, including but not limited to hiring and firing, promotions and discipline, scheduling, assignments, payroll, pay rates, and setting of workplace rules, policies and procedures.

7.  Upon information and belief, Defendant Calendar Corp.'s gross annual sales made and/or business done for all relevant times was $500,000 or greater per year.

## FACTS

8.  During the entire time period of his employment, Plaintiff provided PVB broker services to Defendants' clients.

9.  Plaintiff's work for Defendants included:

    a.  Providing assistance to individuals and businesses in contesting and complying with parking ticket summonses, in accordance with the rules and procured

governing the PVB of the City of New York, as selected and assigned to Plaintiff by Defendants;

  b. Picking up caseload documents at Defendants' offices on the day prior to a court appearance and dropping off the results of each court hearing and other documents at the offices immediately after the hearings were completed on the assigned day;

  c. Participating in strategy meetings, engaging in marketing data collection, running errands, picking up Saturday breakfast for the office, helping clean out excess paper and boxes, attaching evidence to parking tickets, printing, performing research, and training other workers.

10. Plaintiff is not, and for all times relevant was not, an attorney and/or licensed to practice law, and Defendants were aware of this.

11. Plaintiff was a non-exempt employee who Defendants misclassified and treated deliberately as exempt from applicable overtime laws.

12. Throughout the entire time period of Plaintiff's employment for Defendants, Plaintiff typically worked approximately 57.5 hours per week as follows:

  a. Monday through Friday from 8:30 a.m. to between 5:30 p.m. and 7:00 p.m. (typically, Plaintiff worked until 7:00 p.m. four days per week); and

  b. Saturday from 8:00 a.m. to between 2:00 p.m. and 2:30 p.m. (typically, Plaintiff worked until 2:30 p.m. three Saturdays per month).

13. Defendants strongly discouraged Plaintiff from taking breaks, and thus Plaintiff would take short breaks of between two and three minutes once every few hours.

14. Defendants did not maintain time records reflecting the hours Plaintiff worked.

15. Defendants compensated Plaintiff, in part, by paying him a weekly base salary.

16. Defendants paid Plaintiff gross weekly base wages of approximately $576.92 from the start of his employment through in or about February 2016, and thereafter gross weekly base wages of approximately $961.54 through in or about January 2017, and thereafter gross weekly base wages of approximately $925.00 through the end of his employment.

17. Defendants and Plaintiff did not have an agreement that Plaintiff's weekly base wages would compensate him, apart from overtime premiums, for all hours worked.

18. Defendants also sometimes paid Plaintiff a non-discretionary daily bonus, as such terms are defined under the FLSA and/or the NJWHL. The amount of the aforementioned daily bonus depended upon the length of the workday and the number of cases Plaintiff handled, and was paid for each day that Plaintiff won the dismissal of greater than half the parking tickets assigned to him. From the start of his employment through in or about February 2016, Plaintiff earned bonuses of approximately $145.00 on average per week, and thereafter approximately $67.88 on average per week through in or about January 2017, and thereafter approximately $37.76 on average per week through the end of his employment.

## **COUNT ONE**

**Fair Labor Standards Act Claim Against Defendant Calendar Corp.**

19. Plaintiff incorporates by reference the allegations asserted above as if fully set forth herein.

20. Defendant Calendar Corp. is and was for all time relevant a covered employer within the meaning of the FLSA.

21. At all times relevant, Defendant Calendar Corp. was engaged in commerce within the meaning of the FLSA.

22. For all times relevant, Plaintiff was a covered employee within the meaning of the FLSA.

23. The FLSA requires covered employers like Defendant Calendar Corp to pay non-exempt employees like Plaintiff one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek.

24. Plaintiff's employment does not fit within any of the exemptions to the overtime requirements of the FLSA.

25. Plaintiff regularly worked more than 40 hours per workweek for Defendant Calendar Corp., and Defendant Calendar Corp. did not pay Plaintiff one-and-a-half times his regular hourly rate.

26. Defendant Calendar Corp. knew that Plaintiff worked overtime hours and yet did not pay Plaintiff any overtime premiums.

27. Defendant Calendar Corp. acted in bad faith and in willful violation of the FLSA with respect to Plaintiff's wages and hours, including failing to pay Plaintiff overtime wages.

28. As a direct and proximate result of Defendant Calendar Corp.'s unlawful wage and hour practices, Plaintiff has suffered lost wages, and is therefore entitled to recover his unpaid overtime wages for the entire period of his employment, an equal amount in liquidated damages, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT TWO

### Fair Labor Standards Act Claim Against Defendant Bolofsky

29. Plaintiff incorporates by reference the allegations asserted above as if fully set forth herein.

30. The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

31. Under the direction and/or control of Defendant Bolofsky, Plaintiff regularly worked more than 40 hours per workweek for Defendant Calendar Corp. and was not paid one-and-a-half times his regular hourly rate.

32. Defendant Bolofsky acted in bad faith and in willful violation of the FLSA with respect to Plaintiff's wages and hours, including failing to ensure that Plaintiff was paid overtime wages.

33. As a direct and proximate result of Defendant Bolofsky's unlawful wage and hour practices on behalf of Defendant Calendar Corp., Plaintiff has suffered lost wages, and is therefore entitled to recover his unpaid overtime wages for the entire period of his employment, an equal amount in liquidated damages, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT THREE

**New Jersey State Wage and Hour Law Claim Against Defendant Calendar Corp.**

34. Plaintiff incorporates by reference the allegations asserted above as if fully set forth herein.

35. Defendant Calendar Corp. is and was for all time relevant a covered employer within the meaning of the NJWHL.

36. At all times relevant, Defendant Calendar Corp. was engaged in commerce within the meaning of the NJWHL.

37. For all times relevant, Plaintiff was a covered employee within the meaning of the NJWHL.

38. The NJWHL requires covered employers like Defendant Calendar Corp. to pay non-exempt employees like Plaintiff one-and-a-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

39. Plaintiff's employment does not fit within any of the exemptions to the overtime requirements of the NJWHL.

40. Plaintiff regularly worked more than 40 hours per workweek for Defendant Calendar Corp., and Defendant Calendar Corp. did not pay Plaintiff one-and-a-half times his regular hourly rate.

41. Defendant Calendar Corp. knew that Plaintiff worked overtime hours and yet did not pay Plaintiff any overtime premiums.

42. Defendant Calendar Corp. acted in bad faith and in willful violation of the NJWHL with respect to Plaintiff's wages and hours, including failing to pay Plaintiff overtime wages.

43. As a direct and proximate result of Defendant Calendar Corp.'s unlawful wage and hour practices, Plaintiff has suffered lost wages, and is therefore entitled to recover his unpaid overtime wages for the entire period of his employment, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT FOUR

**New Jersey State Wage and Hour Law Claim Against Defendant Bolofsky**

44. Plaintiff incorporates by reference the allegations asserted above as if fully set forth herein.

45. The NJWHL defines "employer" to include any "individual . . . or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." N.J. Stat. 34:11-56a1(g).

46. Under the direction and/or control of Defendant Bolofsky, Plaintiff regularly worked more than 40 hours per workweek for Defendant Calendar Corp. and was not paid one-and-a-half times his regular hourly rate.

47. Defendant Bolofsky acted in bad faith and in willful violation of the NJWHL with respect to Plaintiff's wages and hours, including failing to ensure that Plaintiff was paid overtime wages.

48. As a direct and proximate result of Defendant Bolofsky's unlawful wage and hour practices on behalf of Defendant Calendar Corp., Plaintiff has suffered lost wages, and is therefore entitled to recover his unpaid overtime wages for the entire period of his employment, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BRIAN K. LAROCHE demands judgment against Defendants THE ALTERNATE SIDE OF THE STREET SUSPENDED PARKING CALENDAR CORP. and GLEN BOLOFSKY for unpaid overtime wages for the entire period of his employment, liquidated damages in an amount equal to his unpaid overtime wages, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Dated: Norwood, New Jersey
November 27, 2017

**LAW OFFICES OF PAUL S. HABERMAN LLC**

By: /s/ *Paul S. Haberman*
_____
Paul Stuart Haberman (PH 2771)
Attorneys for Plaintiff
P.O. Box 167
Norwood, New Jersey 07648
Phone: 201-564-0590
Facsimile: 201-767-2087
E-mail: psh@paulhabermanlaw.com